UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth E. Howard,

        Plaintiff,        Case No. 19-11794

v.        Judith E. Levy
        United States District Judge

M. Mackrel, *et al.*,

                Mag. Judge Elizabeth A.
        Defendants.    Stafford

_____/

## OPINION AND ORDER DENYING OBJECTIONS [48]

Before the Court is Kenneth Howard's objections to Magistrate Judge Elizabeth A. Stafford's Order Denying Plaintiff's Motion for Sanctions and Contempt. (ECF No. 48.) For the reasons set forth below, the objections are denied.

### I. Deadline for Objections

On December 28, 2021, Magistrate Judge Stafford issued an Order Denying Plaintiff's Motions for Sanctions and Contempt (the "Magistrate Judge's Order" or "Order"). (ECF No. 46.) Federal Rule of Civil Procedure

72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order. . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72(d). On January 18, 2022, pro se Plaintiff Kenneth Howard signed and mailed objections to the Magistrate Judge's Order. (ECF No. 48.)

January 18, 2022 is beyond the 14-day deadline after the Magistrate Judge's Order was issued on December 28, 2022. Yet, the Court recognizes that Plaintiff is pro se, received the Order via U.S. Mail (and not electronically), and that the New Year holiday also fell in that time frame. The Court is not obligated to address objections received outside of the 14-day deadline. Under these circumstances, however, the

2

Court has reviewed them and finds that they should be denied on their merits regardless of timeliness.

## II. The Objections are Denied

Plaintiff sets forth four objections to the Magistrate Judge's Order. None set forth an issue demonstrating that the Order is "clearly erroneous or contrary to law." E.D. Mich. LR 72(a). All four objections are without merit and are overruled for the reasons explained below.

In his first objection, Plaintiff takes issue with the word "mostly" where the Magistrate Judge's Order stated: "His complaint focuses mostly on alleged victim T.S.'s March 2019 complaint that three men tried to kidnap her on her way to work." (ECF No. 46, PageID.335.) Plaintiff states that this statement is untrue, although Plaintiff acknowledges that he does not know whether the Order was describing Plaintiff's motion for sanctions and for contempt, or whether the Order was describing Plaintiff's complaint. (ECF No. 48, PageID.347.)

The portion of the Magistrate Judge's Order that the word "mostly" appears is in the "Introduction and Background" section. The Magistrate Judge uses the word "mostly" when summarizing the case. She is not making a substantive legal determination in this section of the opinion,

3

nor does the inclusion of this characterization of the case make a difference to the outcome. Accordingly, this objection is overruled.

Plaintiff's next objection takes issue with the Magistrate Judge's Order's "sequence of events" in the Introduction and Background section. Plaintiff argues that some details are incorrect or left out of the Order. (*Id.* at PageID.347.) The Court understands that Plaintiff would like more or different details related to the background of his case to be included in the Order. The case background portion of the Order does not make a difference to the outcome of Plaintiff's motion for sanctions and for contempt. Plaintiff's objection does not relate to an issue of law, and is thus not a proper objection. None of the details that Plaintiff wants included in the Order relate to the substantive issues underlying the motion. Nor does the Court agree with Plaintiff that the effect of the Magistrate Judge's summary is to "minimize the severity and egregiousness of the defendants' actions." (ECF No. 48, PageID.348.) There is no legal error and the objection is overruled.

Howard's third objection is similar to his second in that he believes the Magistrate Judge's Order "tries to minimize the atrocious actions of the defendants." (ECF No. 48, PageID.349.) Plaintiff again sets forth

4

more facts that he believes the Magistrate Judge should have included in the Order, but he does not identify how the lack of inclusion of these details creates a legal error or affects the outcome of the discovery dispute that was ruled on. The objection is therefore overruled.

Howard's fourth and final objection relates to the 911 call. Howard disagrees with the Order's conclusion that Howard was not prejudiced by Defendants' destruction of the 911 tape. The Magistrate Judge's Order explains that, due to a misspelling, a City FOIA clerk did not understand Plaintiff's FOIA request (issued before the litigation was initiated) and the 911 tapes were thus destroyed under the City's normal document retention policy.

Plaintiff argues that this decision essentially takes Defendants' "incompetence" and says, "oh well"; he argues: "That should not be acceptable." (*Id*. at PageID.350.) The Order does no such thing. Indeed, the starting point for the Magistrate Judge in the analysis was that she was "troubled" by what appeared to be Defendants' violation of their duty to preserve evidence. (ECF No. 46, PageID.336 (citing ECF No. 39, PageID.284).) After Defendants explained that their "normal 90-day retention policy" was followed, the Magistrate Judge agreed that the

5

error was not due to Defendants' malfeasance. She found that there is no evidence that Defendants "acted with intent to deprive" Plaintiff of the 911 caller's allegations. (*Id.* at PageID.338–339.)

There is nothing set forth in the Magistrate Judge's Order that indicates she was somehow flippant in her decision, as Plaintiff suggests. Rather, she sets forth the facts and legal conclusions related to the misspelled FOIA request, the document retention policy, and the lack of evidence of ill intent.

Plaintiff goes on to present the same argument that he already presented to the Magistrate Judge about the FOIA request and 911 tape, and asks this Court to come to a different conclusion. He does not set forth a legal error made by the Magistrate Judge that would justify this Court to review the evidence de novo, as opposed to the clearly erroneous or contrary to law standard set forth in Rule 72(a). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the magistrate judge's

order. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Accordingly, this objection is denied.

### III. Conclusion

In Plaintiff's conclusion to his objections, he expresses that he found the Magistrate Judge's Order "offensive," that she "has danced around some of the facts and allowed allegedly trained professionals to get away with their maleficents [sic]. This is why the plaintiff has opted to have a jury trial instead of a bench trial." (ECF No. 48, PageID.353.) The Court understands that Plaintiff disagrees with the Magistrate Judge's Order and may find aspects of the litigation process frustrating. However, the fact that the Magistrate Judge did not find in Plaintiff's favor does not mean that she has improperly permitted anyone to "get away" with unacceptable acts.

For the reasons set forth above, the Court denies Plaintiff's objections. (ECF No. 48.).

IT IS SO ORDERED.

Dated: June 6, 2022　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

7

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2022.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager