UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth E. Howard,

          Plaintiff,      Case No. 19-11794

v.                               Judith E. Levy
                               United States District Judge

M. Mackerl, *et al.*,

                               Mag. Judge Elizabeth A.
         Defendants.  Stafford

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO REQUEST TO FILE AN AMENDED COMPLAINT [69] AND DEFENDANTS' MOTION FOR LEAVE TO FILE LATE MOTION FOR SUMMARY JUDGMENT [74]**

Before the Court is Plaintiff's motion for leave to file an amended complaint (ECF No. 69) and Defendants' motion for leave to file a late motion for summary judgment (ECF No. 74). Both motions are opposed. For the reasons set forth below, both motions are DENIED.

**I.    Background**

On June 17, 2019, *pro se* Plaintiff Kenneth Howard brought this suit against the City of Detroit, the Detroit Police Department, and four Detroit police officers. (ECF No. 1.) His claims arise out of two separate

incidents where the police searched his van and subsequently arrested and released him. (*Id.* at PageID.9–10.)

Plaintiff asserted the following counts in the complaint:

- Count I: "Fourth Amendment – Lack of Probable Cause; Illegal Search; False Arrest and False Imprisonment"
- Count II: "Fifth Amendment and/or Fourteenth Amendment - Due Process"
- Count III: "Sixth Amendment – Right to Confront Witness(es)"
- Count IV: "Eighth Amendment – Cruel and Unusual Punishment"
- Count V: "18 U.S. Code § 241 – Conspiracy again Rights"
- Count VI: "Fourteenth Amendment – Claims Inclusion"

(*Id.* at PageID.18–19.)

According to the scheduling order set on October 15, 2020, discovery was due by April 16, 2021, and the dispositive motion cut-off was set for May 17, 2021. (ECF No. 33.) On August 10, 2022, after the close of discovery, the parties filed a stipulation to dismiss Counts II, III, and V

from the case. (ECF No. 67.) Thus, only Counts I, IV, and VI remain in the case.

## II. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 69)

On September 23, 2022, Plaintiff filed a motion for leave to request to file an amended complaint. (ECF No. 69.) First, Plaintiff seeks to "[r]eplace Count V – 18 U.S. Code § 241 & 242 Conspiracy Against Rights with the Michigan Penal Code 750.157a Conspiracy To Commit Offense Or Legal Act In Illegal Manner code." (*Id.* at PageID.453.) Second, Plaintiff seeks to "[c]larify" his Fourteenth Amendment claim to specify that he was "attempting to assert both a 'due process' and 'equal protection of the law' claims." (*Id.*) Plaintiff's original complaint includes a Fourteenth Amendment due process claim. (*See* ECF No. 1, PageID.18.) Thus, Plaintiff seeks to add a Fourteenth Amendment equal protection claim.

Leave to amend is to be freely granted by the Court "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and

3

futility of the amendment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). "Because a proposed amendment is futile if it could not withstand a motion to dismiss, a motion to amend will not be granted if the opposing part[y] demonstrates futility." *Gooding v. EquityExperts.org, LLC*, No. 17-12489, 2020 WL 13441663, at *1 (E.D. Mich. Jan. 9, 2020).

Both of Plaintiffs' proposed amendments are futile. As noted above, Plaintiff seeks to add a criminal conspiracy claim under § 750.157a of the Michigan Penal Code. However, § 750.157a of the Michigan Penal Code does not provide a private cause of action. *See Jermano v. Taylor*, No. 11-10739, 2013 WL 1316970, at *5 (E.D. Mich. Feb. 28, 2013) ("[G]enerally, where a statute contains criminal penalties for violations of its provisions . . . no private cause of action based on alleged violations of the statute will lie."). Because § 750.157a is a criminal statute and Plaintiff is a private citizen, Plaintiff's proposed § 750.157a claim is futile.[1]

---

[1] In Plaintiff's reply brief, he states that if Mich. Comp. Laws § 750.157a is "still not the right code, the plaintiff would like to use: '42 U.S. Code section 1985(3) - Conspiracy To Interfere With Civil Rights.'" (ECF No. 73, PageID.513.) This claim was not mentioned in his motion for leave to file an amended complaint. (*See* ECF No. 69.) Courts "will generally not hear issues raised for the first time in a reply brief." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). Even if the Court were to consider this claim, it would fail on futility grounds.
    42 U.S.C. § 1985(3) "dat[es] back to the Civil Rights Act of 1871" and was intended "to end the terror that the Ku Klux Klan had been inflicting on African Americans and their supporters during the Reconstruction period." *Post v. Trinity Health-Michigan*, 44 F.4th 572, 579 (6th Cir. 2022). The Sixth Circuit has "held that § 1985(3) reaches only conspiracies targeting a person based

The second claim Plaintiff seeks to add—a Fourteenth Amendment equal protection claim—is also futile. "Class-based discrimination is the essence of an equal protection claim." *In re Flint Water Cases*, No. 17-10164, 2019 WL 3530874, at *21 (E.D. Mich. Aug. 2, 2019) (citing *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000)). In general, "plaintiffs must plead sufficient facts from which it can be inferred that defendants treated similarly situated individuals differently." *Id.* (citing *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574–75 (6th Cir. 2008)). Plaintiff has not made any allegations that he was treated differently than others who were similarly situated to him. (*See* ECF No. 69.) Thus, Plaintiff's proposed equal protection claim under the Fourteenth Amendment would also be futile.

Because both of Plaintiff's proposed amendments would be futile, his motion for leave to file an amended complaint is denied.

### III. Defendants' Motion for Leave to File a Late Motion for Summary Judgment (ECF No. 74)

---

on a classification (like racial discrimination) that would receive heightened scrutiny under the Supreme Court's equal-protection framework." *Id.* at 580 (citing *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980)). Plaintiff does not allege facts to support that he was targeted "based on a classification" like racial discrimination. Thus, this claim would also be futile.

On December 7, 2022, Defendants filed a motion for leave to file a late motion for summary judgment. (ECF No. 74.) Plaintiff opposes the motion. (ECF No. 85.)

Federal Rule of Civil Procedure 6(b) "provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so 'where the failure to [file before the deadline] was the result of excusable neglect.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing Fed. R. Civ. P. 6(b)). "[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Sixth Circuit "has cautioned that excusable neglect is a strict standard which is met only in extraordinary cases." *Hartford Accident & Indem. Co. v. Greater Lakes Ambulatory Surgical Ctr. LLC*, No. 18-cv-13579, 2022 WL 1690159, at *1 (E.D. Mich. May 26, 2022).

The five excusable neglect factors do not weigh in Defendants' favor. First, there is danger of prejudice to Plaintiff because he has already begun to prepare for trial. (*See* ECF Nos. 86–96); *cf. Cooper v. Shelby Cnty.*, No. 07-2283-STA-CGC, 2010 WL 1780139, at *5 (W.D. Tenn. Apr. 29, 2010) (finding that the plaintiff's delay prejudiced the defendants in light of the upcoming trial date and the expense and time the defendants' spent on trial preparation).

Second, the length of Defendants' delay would significantly impact the Court's timeline in this case. Defendants filed their motion on December 7, 2022, nearly nineteen months after the dispositive motion deadline on May 17, 2021. (ECF Nos. 33, 74.) Considering Defendants' proposed motion for summary judgment at this point is likely to significantly delay proceedings.

Third, and most importantly, Defendants do not provide an adequate reason for the delay. "The reason for delay is the most critical factor, and mere error or inadvertence is usually insufficient." *Karch v. Harman Int'l Indus., Inc.*, No. 20-cv-12321, 2022 WL 2966879, at *1 (E.D. Mich. July 27, 2022) (citing *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017)). Defendants state that a "substitution of

7

defense attorneys" occurred after the close of discovery and that Defendants' new counsel was not "privy to the reasoning behind [their predecessor's] decision not to file a dispositive motion." (ECF No. 74, PageID.520.) Defendants add that they "can only ascribe [former counsel's] decision to excusable neglect, as a basis for a dispositive motion did exist." (*Id.*)

However, in the Sixth Circuit, "attorney error or inadvertence will not ordinarily support a finding of excusable neglect." *Kassim*, 320 F.R.D. at 453 (quoting *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006)); *see also Pandora Distrib., LLC v. Ottawa OH, LLC*, No. 3:12-cv-2858, 2018 WL 6504114 (N.D. Ohio Dec. 11, 2018) (holding that the defendants' displeasure with their prior attorneys was not enough to establish excusable neglect). Thus, Defendants' indication that the delay was caused by former counsel's error or inadvertence is insufficient to show excusable neglect.

In addition, Defendants' motion was filed in December 2022, six months after the attorney substitution in June 2022. (*See* ECF Nos. 58, 74.) Defendants provide no explanation for why its motion was not filed

8

in June 2022 after the substitution in counsel. Defendants fail to provide an adequate reason for the months-long delay.

The fourth factor also weighs against a finding of excusable neglect—there is no indication that the delay was outside of Defendants' control. Because there is no evidence of Defendants acting in either good or bad faith, the fifth factor is neutral. Thus, the excusable neglect factors support denying Defendants' motion.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for leave to file an amended complaint (ECF No. 69) and Defendants' motion for leave to file a late motion for summary judgment (ECF No. 74).

IT IS SO ORDERED.

Dated: January 11, 2023　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2023.

<pre>                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager</pre>